**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**
**AT TACOMA**

| | |
|---|---|
| RYAN RAE-ELLIS, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>HOME DEPOT U.S.A., INC., a foreign profit corporation; and DOES 1-20, as yet unknown Washington entities,<br><br>Defendants. | No. 3:26-cv-05070-DGE<br><br>**CLASS ACTION COMPLAINT** |

Plaintiff Ryan Rae-Ellis ("Plaintiff"), individually and on behalf of all others similarly situated ("Class"), brings this action against Defendant Home Depot U.S.A., Inc. ("Home Depot") ("Home Depot or "Defendant") and alleges, upon personal knowledge as to Plaintiff's own actions and Plaintiff's counsel's investigation, and upon information and belief as to all other matters, as follows:

## I. NATURE OF THE ACTION

1. Plaintiff brings this class action for damages, injunctive relief, and declaratory relief on behalf of all current and former non-exempt hourly employees of Defendant for their failure to: (i) provide compliant meal and rest periods; (ii) compensate for missed and noncompliant meal and rest periods; and (iii) furnish accurate wage statements.



**EMERY | REDDY, PC**
600 Stewart Street, Suite 1100
Seattle, WA 98101
Phone: (206) 442-9106 • Fax: (206) 441-9711

2. In failing to provide Plaintiff and Class members with compliant meal and rest periods, and compensation for missed and noncompliant meal and rest periods, Defendant violated Washington's Minimum Wage Act, chapter 49.46 RCW ("MWA"), Wage Rebate Act, chapter 49.52 RCW ("WRA"), and the Industrial Welfare Act, chapter 49.12 RCW ("IWA").

## II. JURISDICTION AND VENUE

3. This Court has jurisdiction over this cause of action pursuant to RCW 2.08.010.

4. Based on Defendant's representations in its Notice of Removal, jurisdiction is proper in this Court pursuant to 28 U.S.C §§ 1332, 1441, and 1446.

5. Venue is proper in this Court pursuant to 28 U.S.C § 1441(a) because the action was removed by Defendant to the United States District Court for the Western District of Washington, which embraces Pierce County, the place where the action was pending

## III. PARTIES

6. Plaintiff Ryan Rae-Ellis resides in Okanogan County, Washington, and works for Defendant in Washington.

7. Defendant Home Depot U.S.A., Inc. is a foreign profit corporation that regularly transacts business in Pierce County, Washington and has multiple stores for the transaction of business in Pierce County, Washington, including 4602 Center Street, Tacoma, Washington 98409 and 5120 Borgen Boulevard, Gig Harbor, Washington 98332.

8. Plaintiff is currently unaware of the true names and capacities of the defendants sued herein under fictitious names Does 1-20, inclusive, and therefore sues such defendants by such fictitious names. Plaintiff will seek leave to amend this complaint to allege the true names and capacities of the fictitiously named defendants when their true names and capacities have been ascertained. Plaintiff is informed and believes, and thereon alleges, each of the fictitiously named defendants is legally responsible in some manner for the events and occurrences alleged herein, and for the damages suffered by Plaintiff and the Class.

## IV. STATEMENT OF FACTS

9. Home Depot is a "big box" home improvement warehouse retailer, with stores



**EMERY | REDDY, PC**
600 Stewart Street, Suite 1100
Seattle, WA 98101
Phone: (206) 442-9106 • Fax: (206) 441-9711

located throughout Washington.

10. Defendant employed Plaintiff and Class members as non-exempt employees in Washington.

11. Defendant did not keep records of the occurrence, time, and duration of paid rest periods.

12. At times, Defendant required Plaintiff and Class members to work more than three consecutive hours without or between rest periods.

13. At times, Plaintiff and Class members were not scheduled for and did not take a rest period in a duration of at least 10 minutes, on Defendant’s time, for every four hours worked.

14. For example, Plaintiff would work weekend shifts typically staffed by Plaintiff alongside one other individual for the first three hours of his shift.

15. While Plaintiff worked alongside another individual during the first three hours of his weekend shifts, his tasks often required two individuals to complete, including to operate heavy machinery or lift large loads.

16. Accordingly, even when Plaintiff worked alongside another individual, he was unable to take a break in the first three hours of his shift.

17. Plaintiff would then have to complete an additional five hours of his weekend shift without another individual staffed in the lumber department.

18. Plaintiff was unable to take breaks during these five-hour shifts.

19. On one occasion, Plaintiff was busy assisting a customer with loading their car when he realized that he had worked almost three hours without a break.

20. Plaintiff called his manager because he needed to take a break.

21. Rather than offering to give him a break, Plaintiff’s manager threatened him with discipline for disrespect.

22. On another occasion, Plaintiff’s manager told Plaintiff to cut up broken dry wall during the first three hours of his shift.

23. Plaintiff was the only person tasked with this project and was unable to take his



**EMERY | REDDY, PC**
600 Stewart Street, Suite 1100
Seattle, WA 98101
Phone: (206) 442-9106 • Fax: (206) 441-9711

10-minute breaks within the first three hours of his shift.

24. Plaintiff was unable to complete the assigned task despite missing his break.

25. Plaintiff's manager asked why Plaintiff was unable to complete the assigned task.

26. Plaintiff responded that he could not complete the task in the allotted time alone, and that he had missed his break in the attempt.

27. Plaintiff's manager did not then provide Plaintiff with a break but responded only with anger that the task had not been completed.

28. Plaintiff was required to find other staff to cover his shifts in order to take ten-minute breaks.

29. Because the operational needs from department to department differ, Plaintiff was not always able to find suitable coverage for him to take a break.

30. Plaintiff was required to maintain a work phone on him during his shift to handle customer calls or respond to Defendant's operational needs.

31. Plaintiff's manager told Plaintiff that he was required to keep his work phone on him even during his ten-minute breaks, because Plaintiff had to be ready to respond to incoming calls.

32. This resulted in Plaintiff's breaks being interrupted before the ten-minute mark by customers or other staff.

33. Defendant did not establish and maintain a process for Plaintiff and Class members to report and be compensated for instances of when they were required to work over three consecutive hours without a rest period, when they did not receive a rest period of at least 10 minutes, or when they failed to receive a rest period of at least 10 minutes in length for each four hours worked.

34. Defendant did not compensate Plaintiff and Class members for an additional 10 minutes of work, at their regular rate of pay, for each instance they were required to work greater than three consecutive hours without or between rest periods, were provided a rest period in a duration of less than 10 minutes or were not provide a rest period of at least 10 minutes in duration



**EMERY | REDDY, PC**
600 Stewart Street, Suite 1100
Seattle, WA 98101
Phone: (206) 442-9106 • Fax: (206) 441-9711

for each four hours worked.

35. There is no fairly debatable issue of law or any objectively or subjectively reasonable dispute whether Defendant needed to compensate Plaintiff and Class members with an additional 10 minutes of work, at their regular rate of pay, for each instance they were required to work greater than three consecutive hours without or between rest periods, were provided a rest period in a duration of less than 10 minutes, or were not provide a rest period of at least 10 minutes in duration for each four hours worked.

36. Defendant's failure to compensate Plaintiff and Class members with an additional 10 minutes of work, at their regular rate of pay, for each instance they were required to work greater than three consecutive hours without or between rest periods, were provided a rest period in a duration of less than 10 minutes, or were not provide a rest period of at least 10 minutes in duration for each four hours worked was intentional and deliberate and was not the result of administrative or clerical errors.

37. At times, Defendant failed to provide Plaintiff and Class members with meal periods in a duration of at least 30 minutes commencing no less than two hours nor more than five hours from the beginning of their shifts.

38. Defendant typically scheduled Plaintiff's lunch breaks to begin 15 minutes before the end of the first five hours of his shifts.

39. At the time his scheduled lunch break arrived, Plaintiff was typically operating alone in his department.

40. On multiple occasions, Plaintiff was in the middle of completing an assigned task or fulfilling a customer request when his lunch break arrived.

41. Plaintiff would even set an alarm to take his lunch at the scheduled time, but would be prevented from doing so because Defendant required Plaintiff to complete customer requests, such as loading a customer's car, or assigned tasks without support and during the time when his lunch was scheduled.

42. Defendant failed to provide adequate staffing to ensure Plaintiff was able to take



**EMERY | REDDY, PC**
600 Stewart Street, Suite 1100
Seattle, WA 98101
Phone: (206) 442-9106 • Fax: (206) 441-9711

his lunch break at his scheduled time.

43. On occasion, Defendant failed to provide second meal periods in a duration of at least 30 minutes for shifts greater than 10.5 hours in duration or otherwise required Plaintiff and Class members to work greater than five consecutive hours without or between meal periods.

44. At times, Defendant issued wage statements to Plaintiff and Class members that did not include the wages and additional compensation owed to Plaintiff and Class members for missed and noncompliant meal and rest periods.

45. On those occasions when he was not able to take his meal period or second meal period on time or for a duration of 30 minutes, Defendant did not add additional wages to his paycheck.

## V. CLASS ACTION ALLEGATIONS

46. Class Definition. Pursuant to Federal Rule of Civil Procedure 23(a) and (b)(3), Plaintiff brings this case as a class action against Defendant on behalf of the Class defined as follows:

> All persons employed by Home Depot U.S.A., Inc. in Washington as non-exempt employees from July 26, 2024, through the date of certification of the Class.

47. Excluded from the Class are Defendant and its officers and directors.

48. Numerosity. The number of Class members exceeds 40 and therefore, pursuant to FRCP 23(a)(1), it is impracticable to join all members of the class defined herein as named plaintiffs.

49. Commonality. Because Plaintiff and all Class members were subject to the same wage and hour practices of Defendant, there are common questions of law and fact among Plaintiff and Class members pursuant to FRCP 23(a)(2).

50. Typicality. Pursuant to FRCP 23(a)(3), Plaintiff's claims are typical of the claims of all Class members and of Defendant's anticipated defenses thereto. Plaintiff and Class



**EMERY | REDDY, PC**
600 Stewart Street, Suite 1100
Seattle, WA 98101
Phone: (206) 442-9106 • Fax: (206) 441-9711

members were subject to the same course of conduct of Defendant. Plaintiff and Class members were subjected to the same policies and practices of Defendant.

51. Adequacy. Plaintiff will fairly and adequately protect the interests of the Class as required by FRCP 23(a)(4). There is no conflict between Plaintiff's claims and those of Class members. Plaintiff has retained competent and capable attorneys with substantial experience in complex class action litigation. Plaintiff and Plaintiff's counsel are committed to prosecuting this action vigorously on behalf of the Class and have the financial resources to do so.

52. Predominance. Pursuant to FRCP 23(b)(3), class certification is appropriate here because questions of law or fact common to members of the Class predominate over any questions affecting only individual members.

53. Superiority. Pursuant to FRCP 23(b)(3), class certification is appropriate here because a class action is superior to other available methods for the fair and efficient adjudication of the controversy. The prosecution of separate actions by Class members could either result in inconsistent adjudications establishing incompatible pay practices or, as a practical matter, dispose of the legal claims of Class members who are not parties to such separate adjudications. Individual Class members would have little interest in controlling the litigation due to the relatively small size of most claims, and because Plaintiff and Plaintiff's counsel will vigorously pursue the claims on behalf of the Class members. A class action will be an efficient method of adjudicating the claims of Class members.

54. Public Policy Considerations. Employers in Washington regularly violate wage and hour and other employment laws. The value of individual and employee claims is often small as compared with the relative cost of litigation. Current employees are often afraid to assert their rights out of fear of retaliation. Class actions provide putative class members who are not named in the complaint with a type of anonymity that allows for the vindication of their rights, while at the same time, protection of their privacy.



**EMERY | REDDY, PC**
600 Stewart Street, Suite 1100
Seattle, WA 98101
Phone: (206) 442-9106 • Fax: (206) 441-9711

## VI. CAUSES OF ACTION

### FIRST CAUSE OF ACTION
### FAILURE TO PROVIDE MEAL PERIODS AND TO COMPENSATE FOR VIOLATIONS
### VIOLATION OF THE IWA AND MWA
***Claim of Relief for Plaintiff and the Class***

55. Plaintiff incorporates by reference all foregoing factual allegations and realleges them as though fully set forth herein.

56. The IWA, chapter 49.12 RCW, and its implementing regulation, WAC 296-126-092, require employers to provide uninterrupted 30-minute meal periods free from work-related responsibilities to employees for work shifts greater than five hours in length and prohibit employees from working more than five consecutive hours without a meal period.

57. Employees have an implied cause of action for violations of chapter 49.12 RCW to protect them from conditions of labor that have a pernicious effect on their health. *Wingert v. Yellow Freight Systems, Inc.*, 146 Wn.2d 841, 849-50 (2002).

58. A meal period violation is a wage violation, with employees entitled to 30 minutes of additional compensation for each instance they are required to work more than five consecutive hours without a compliant meal period. *Androckitis v. Virginia Mason Med. Ctr.*, 32 Wn. App. 2d 418 (2024); *Hill v. Garda CL Nw., Inc.*, 191 Wn.2d 553, 560 (2018).

59. Defendant violated the IWA and its implementing regulation by failing to provide Plaintiff and Class members with compliant 30-minute meal periods and by creating work schedules, staffing levels, and conditions of work that sometimes discouraged compliant meal periods.

60. As a result of Defendant's actions and omissions, Plaintiff and Class members have been damaged in amounts to be proven at trial.

### SECOND CAUSE OF ACTION
### FAILURE TO PROVIDE REST PERIODS
### VIOLATION OF THE IWA AND MWA
***Claim of Relief for Plaintiff and the Class***

61. Plaintiff incorporates by reference all foregoing factual allegations and realleges



**EMERY | REDDY, PC**
600 Stewart Street, Suite 1100
Seattle, WA 98101
Phone: (206) 442-9106 • Fax: (206) 441-9711

them as though fully set forth herein.

62. The IWA and its implementing regulation, WAC 296-126-092, require employers to provide a rest period of no less than 10 minutes, on the employer's time, for each four hours of working time.

63. Employees have an implied cause of action for violations of chapter 49.12 RCW to protect them from conditions of labor that have a pernicious effect on their health. *Wingert*, 146 Wn.2d at 849-50.

64. A rest period violation is a wage violation, with employees entitled to 10 minutes of additional compensation for each instance they are required or allowed to work longer than three consecutive hours without a rest period. *Id*.

65. As working through or missing a rest period effectively extends the workday by 10 minutes, Plaintiff and Class members are entitled to compensation for an additional 10 minutes of time for each instance they worked through or missed a rest period.

66. Defendant violated the IWA and its implementing regulation by failing to ensure Plaintiff and Class members always received a 10-minute paid rest period for every four hours worked, by failing to keep records of the occurrence, time and duration of rest periods taken, by failing to implement a process for Plaintiff and Class members to report and be paid for missed or otherwise noncompliant rest periods, and by creating work schedules, staffing levels and conditions of work that sometimes discouraged paid rest periods.

67. Defendant violated the MWA by failing to compensate Plaintiff and Class members for an additional 10 minutes of work for each instance they were required to work greater than three consecutive hours without or between rest periods, were provided a rest period in a duration of less than 10 minutes, and/or were not provided a rest period of at least 10 minutes in duration for each four hours worked.

68. Defendant further violated the MWA by failing to pay Plaintiff and Class members one and one-half times their regular rate of pay for all weekly hours worked in excess of 40, including the time they spent working through or missing rest periods in such weeks.



**EMERY | REDDY, PC**
600 Stewart Street, Suite 1100
Seattle, WA 98101
Phone: (206) 442-9106 • Fax: (206) 441-9711

69. As a result of Defendant's actions and omissions, Plaintiff and Class members have been damaged in amounts to be proven at trial.

**<u>THIRD CAUSE OF ACTION</u>**
**WAGE THEFT**
**VIOLATION OF CHAPTER 49.52 RCW**
***Claim of Relief for Plaintiff and the Class***

70. Plaintiff incorporates by reference all foregoing factual allegations and realleges them as though fully set forth herein.

71. The WRA, chapter 49.52 RCW, prohibits employers from paying employees less than the wages to which they are entitled by any statute, ordinance, or contract. RCW 49.52.050(2).

72. Defendant's actions, as alleged above, constitute willful withholding of wages due in violation RCW 49.52.050 and .070.

73. As a result of Defendant's actions and omissions, Plaintiff and Class members have been damaged in amounts to be proven at trial.

**<u>FOURTH CAUSE OF ACTION</u>**
**FAILURE TO FURNISH ACCURATE WAGE STATEMENTS**
**VIOLATION OF WAC 296-126-040**
***Claim of Relief for Plaintiff and the Class***

74. Plaintiff incorporates by reference all foregoing factual allegations and realleges them as though fully set forth herein.

75. Employers are required to furnish each employee, at the time of payment of wages, with an itemized statement showing the pay basis, i.e., hours or days worked, rate or rates of pay, gross wages, and all deductions for that pay period. WAC 296-126-040.

76. Defendant issued wage statements to Plaintiff and Class members that did not include the wages and additional compensation owed to Plaintiff and Class members for missed and noncompliant meal and/or rest periods.

77. Defendant's failure to furnish accurate wage statements to Plaintiff and Class members violates WAC 296-126-040.



**EMERY | REDDY, PC**
600 Stewart Street, Suite 1100
Seattle, WA 98101
Phone: (206) 442-9106 • Fax: (206) 441-9711

78. As a result of Defendant's actions and omissions, Plaintiff and Class members have been damaged in amounts to be proven at trial.

## VII. REQUEST FOR RELIEF

79. Plaintiff, individually and on behalf of members of the Class, requests that the Court enter judgment against Defendant as follows:

a. An order certifying that this action be maintained as a class action and appointing Plaintiff as Class Representative and Plaintiff's counsel as Class Counsel;

b. Compensatory damages, including unpaid wages, in amounts to be proven at trial;

c. Exemplary damages pursuant to RCW 49.52.070;

d. Reasonable attorneys' fees and costs pursuant to RCW 49.12.150, RCW 49.46.090, RCW 49.48.030, and RCW 49.52.070 or as otherwise permitted by law;

e. Pre- and post-judgment interest;

f. Injunctive relief prohibiting Defendant from engaging in the conduct complained of herein;

g. Declaratory relief to the effect that Defendant violated the statutory rights of Plaintiff and the Class;

h. Leave to amend this complaint to conform to the evidence presented at or prior to trial; and

i. Any additional relief the Court deems equitable, appropriate, or just.

///

///

///

DATED September 23, 2026.

**EMERY | REDDY, PC**

By: /s/ *Timothy W. Emery*
Timothy W. Emery, WSBA No. 34078
Patrick B. Reddy, WSBA No. 34092
Paul Cipriani, WSBA No. 59991



**EMERY | REDDY, PC**
600 Stewart Street, Suite 1100
Seattle, WA 98101
Phone: (206) 442-9106 • Fax: (206) 441-9711

Hannah Hamley, WSBA No. 59020
Emery | Reddy, PC
600 Stewart Street, Suite 1100
Seattle, WA 98101
Phone: (206) 442-9106
Fax: (206) 441-9711
Email: emeryt@emeryreddy.com
Email: reddyp@emeryreddy.com
Email: paul@emeryreddy.com
Email: hannah@emeryreddy.com

**ENTENTE LAW PLLC**

By: *<u>/s/ James B. Pizl</u>*
James B. Pizl, WSBA No. 28969
Entente Law PLLC
315 Thirty-Ninth Avenue SW, Suite 14
Puyallup, WA 98373
Email: jim@ententelaw.com

*Attorneys for Plaintiff Ryan Rae-Ellis*

## CERTIFICATE OF SERVICE

I hereby certify that on September 23, 2026, I caused to be electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following CM/ECF participants:

E. Ashley Paynter, WSBA No. 58857
OGLETREE DEAKINS, NASH, SMOAK, & STEWART
1201 Third Avenue, Suite 5150
Seattle, WA 98101
Phone: (206) 693-7057
Email: ashley.paynter@ogletree.com

Dated this 23rd day of September, 2026, at Seattle, Washington.

*/s/ Sierra Briggs*
Sierra Briggs, Junior Legal Assistant
sierra@emeryreddy.com



**EMERY | REDDY, PC**
600 Stewart Street, Suite 1100
Seattle, WA 98101
Phone: (206) 442-9106 • Fax: (206) 441-9711